**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30399 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00142-EJL-1 |
| v. | |
| JOSHUA ALLEN WARD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted March 5, 2014
Portland, Oregon

Before:     TROTT and W. FLETCHER, Circuit Judges, and BLOCK, Senior
            District Judge.[**]

Defendant appeals his conviction and sentence for unlawful possession of a

firearm in violation of 18 U.S.C. § 922(g)(1), challenging the district court's denial

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Frederic Block, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

of his motion to suppress statements made during his parole-revocation hearing. We affirm.

The district court did not err in denying defendant's motion to suppress. Statements made during a probation-revocation and sentencing hearing may be used during a subsequent criminal trial for the same act that constituted the probation violation. *Ryan v. Montana*, 580 F.2d 988, 990–91 (9th Cir. 1978). As in *Ryan*, defendant does not argue that silence would have given rise to an inference of guilt at his revocation hearing. Defendant may have been faced with a difficult choice between exercising his Fifth Amendment right to remain silent and his right to be heard at his parole-revocation hearing. But such a choice does not amount to unconstitutional compulsion. *Id.* at 992–93; *see also McGautha v. California*, 402 U.S. 183, 210–13 (1971).

The Supreme Court's decision in *United States v. Knights*, 534 U.S. 112 (2001), did not effectively overrule *Ryan* or otherwise alter our analysis. We have recognized that *Knights* overruled our precedent prohibiting parole officers from conducting searches for the purposes of general criminal investigation. *See, e.g.*, *United States v. Stokes*, 292 F.3d 964, 967 (9th Cir. 2002). But the Court's repudiation of the rule against using the parole system as a "subterfuge" for general criminal investigations in that context casts no doubt on the central reasoning of

*Ryan*: that, had Ryan chosen to remain silent, he would have suffered no automatic sanctions. 580 F.2d at 991.

Finally, we decline to use our supervisory powers to create a rule requiring use immunity for testimony given at a parole-revocation hearing. To do so would be inappropriate here, where there is direct controlling precedent and defendant has not shown a constitutional violation or otherwise illegal conduct on the part of the Government. *See United States v. Hasting*, 461 U.S. 499, 505 (1983) (describing the key purposes of the supervisory powers); *United States v. Payner*, 447 U.S. 727, 734–37 (1980) (stating that supervisory powers are to be applied "with some caution" and "restrain[t]," otherwise they would "confer on the judiciary discretionary power to disregard the considered limitations of the law it is charged with enforcing").

**AFFIRMED.**